UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| AL M. NELSON | CIVIL ACTION NO. 06-0066 |
| versus | JUDGE HICKS |
| DIMENSION DEVELOPMENT CO., INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Al Nelson ("Plaintiff") filed this action for overtime compensation and related damages pursuant to the Fair Labor Standards Act and Louisiana employment law statutes. The only named defendant is Dimension Development Company, Inc. ("Dimension"), which Plaintiff alleges employed him as a front desk supervisor from January 1 to September 30, 2004. Plaintiff alleges that Dimension required him to work an average of sixty hours per week but paid him for only a forty-hour week. Plaintiff demands trial by jury.

Dimension filed an answer and a third-party demand against Fair Vista, Ltd. ("Fair Vista"). Dimension alleges that Fair Vista actually owned the hotel where Plaintiff was employed and was Plaintiff's employer. Fair Vista filed a Chapter 11 bankruptcy proceeding in 2003, and the bankruptcy court approved a Management Agreement pursuant to which Dimension managed the property. Article 3.3 of the Management Agreement includes a provision that all employees shall be employees of Fair Vista and on its payroll. The Management Agreement also includes a provision regarding duties and liabilities to third parties incurred by Dimension in the course of its operations. Based on those provisions,

Dimension asserts that it was never Plaintiff's employer and that Fair Vista is obligated to indemnify Dimension for any damages awarded against Dimension.

Fair Vista filed an answer to the third party demand and asserted a third party demand of its own. It named as a third party defendant Capital One Bank. Fair Vista asserts that it is unable to respond to any assessment of liability in this action without using cash, its only remaining asset, and that cash may be the cash collateral of Capital One pursuant to a prior order of the bankruptcy court. Fair Vista, therefore, impleaded Capital One to permit a determination of whether the cash could be used to pay any liability in this civil action.

Both Fair Vista and Capital One asserted in their pleadings that this civil action should be referred to the bankruptcy court pursuant to 28 U.S.C. § 157 and Local Rule 83.4.1. Those parties have also now filed motions (Docs. 19 & 20) to refer the case to the bankruptcy court.

The referenced local rule provides that the district court refers to the bankruptcy judges of this district all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11. Movants argue that these proceedings directly concern and relate to the administration of the estate of Fair Vista and, at a minimum, are related to a case under Title 11. Dimension has not addressed in its memorandum the impact of Plaintiff's demand for a jury trial. Capital One merely notes that "[t]o the extent that the Plaintiff has requested a jury trial," the provisions of 28 U.S.C. § 157 apply. Capital One quotes Section 157(e), which provides:

> If the right to a jury trial applies in a proceeding that may be heard under this Section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

Capital One does not, however, address whether the bankruptcy judge is so specially designated or whether all parties consent. Plaintiff makes clear in his memorandum that he "has demanded a trial by jury and does <u>not</u> consent to trial of his claims against Dimension before the bankruptcy court." Doc. 23-2, p. 6. No party contests Plaintiff's right to a jury trial on his overtime claims against Dimension, and no defendant explains how the district court would not have to withdraw the reference given Plaintiff's jury demand and lack of consent.

Capital One urges that Plaintiff's claims are really against Fair Vista and that Plaintiff must file a proof of claim for wages earned in service to the debtor during the administration of the bankruptcy. Plaintiff, however, has sued no party but Dimension. Dimension has sued Fair Vista, but Plaintiff has expressed no interest in proceeding directly against Fair Vista or contending that Fair Vista was his employer. If, under the current pleadings, it were to be determined that Fair Vista was Plaintiff's employer, Plaintiff would simply lose his case against Dimension, and final judgment would be entered. That is because, once again, Plaintiff is not pressing any claim against Fair Vista.

Under these circumstances, the district court should not refer this matter to the bankruptcy court. The case should remain set for jury trial pursuant to the scheduling order that is in place. If Dimension wishes to ensure that its third-party demand against Fair Vista

may proceed properly, it should immediately file with the bankruptcy court a motion to lift stay or arm itself with satisfactory authority that its prosecution of this action does not run afoul of any bankruptcy stay.

Accordingly;

**IT IS RECOMMENDED** that the **Motions to Refer Case to Bankruptcy Court (Docs. 19 & 20)** be **denied**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 16th day of April, 2007.

                                               MARK L. HORNSBY
                                     UNITED STATES MAGISTRATE JUDGE